Filed 10/4/24  P. v. Edwards CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FOURTH APPELLATE DISTRICT

# DIVISION TWO

THE PEOPLE,

    Plaintiff and Respondent,

v.

BRIAN ANTHONY EDWARDS,

    Defendant and Appellant.

E083036

(Super. Ct. No. INF2000487)

OPINION

APPEAL from the Superior Court of Riverside County.  Stephen J. Gallon, Judge. Affirmed.

Janice R. Mazur, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

## I.

## INTRODUCTION

Defendant and appellant Brian Anthony Edwards appeals the sentence imposed after this court affirmed his judgment of conviction, vacated defendant's sentence in part, and remanded the matter for resentencing. Appointed counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, requesting this court to conduct an independent review of the record to determine whether there are any arguable issues on appeal. In addition, defendant has had an opportunity to file a supplemental brief with this court and has not done so. After reviewing the record, we find no arguable error that would result in a disposition more favorable to defendant and affirm the judgment.

## II.

## FACTUAL AND PROCEDURAL BACKGROUND

Defendant severely beat and tortured his wife in front of their young daughters. During the abuse, defendant threatened to kill his wife while using both his fists to pommel his wife's face, an HDMI cord to whip her, and an aluminum baseball bat to strike his wife's leg, arm, and right side of her head. Defendant's abuse caused his wife to suffer a fractured nose, lacerations on her eye, swelling on her face, welts on her arm,

and severe bruising on her left leg.  (See *People v. Edwards* (May 23, 2023, E077753) [nonpub. opn.] (*Edwards I*).)[1]

A jury convicted defendant of torture (Pen. Code, § 206; count 1), assault with a deadly weapon (Pen. Code, § 245, subd. (a)(1); count 2), inflicting corporal injury on a spouse (Pen. Code, § 273.5, subd. (f)(2); count 3), false imprisonment (Pen. Code, § 236; count 4), and making criminal threats (Pen. Code, § 422; count 5).  The trial court sentenced defendant to a term of seven years to life for count 1, a consecutive term of eight months for count 4, and a consecutive term of two years for count 5.  The court stayed the sentences on counts 2 and 3 under Penal Code section 654, but denied defendant's request under Penal Code section 654 to stay the sentence on the false imprisonment and criminal threats counts (counts 4 & 5).  (*Edwards I*, *supra*, E077753.)

Defendant subsequently appealed.  He argued the trial court erred in failing to stay his sentences on the false imprisonment and criminal threats counts (counts 4 & 5) under Penal Code section 654 and that the matter must be remanded for resentencing under recently enacted legislation.  (*Edwards I*, *supra*, E077753.)  We affirmed the judgment of conviction and the trial court's decision to not stay the sentences on counts 4 and 5, vacated the sentences on counts 1, 2 and 3, and remanded the matter for a full resentencing hearing in light of recently enacted legislation.  (*Ibid*.)

---

[1]  We took judicial notice of our prior opinion from defendant's first appeal, case No. E077753.

3

On January 11, 2024, following issuance of the remittitur, the People filed a post-remittitur sentencing Brief.

The resentencing hearing was held on January 12, 2024. Following argument by the parties and a statement by defendant, the trial court denied defendant probation and sentenced him to the same term it has previously imposed: seven years to life for count 1, a consecutive middle term of two years for count 5, and a consecutive middle term of eight months for count 4. The court stayed the sentences on counts 2 and 3 under Penal Code section 654, but denied defendant's request to stay the sentence on the false imprisonment and criminal threats counts (counts 4 & 5). The total term imposed was an indeterminate term of seven years to life, plus a determinate term of two years, eight months. Defendant timely appealed.

III.

DISCUSSION

After defendant appealed, upon his request, this court appointed counsel to represent him. Upon examination of the record, counsel has filed a brief under the authority of *People v. Wende*, *supra*, 25 Cal.3d 436 and *Anders v. California*, *supra*, 386 U.S. 738, setting forth a statement of the case, a summary of the facts and potential arguable issues and requesting this court to conduct an independent review of the record. Counsel has identified potential issues of whether the trial court erred in finding defendant was ineligible for probation and declining to stay his sentences on counts 4 and 5 pursuant to Penal Code section 654.

4

We offered defendant an opportunity to file a personal supplemental brief, but he has not done so.

An appellate court conducts a review of the entire record to determine whether the record reveals any issues which, if resolved favorably to defendant, would result in reversal or modification of the judgment. (*People v. Wende*, *supra*, 25 Cal.3d at pp. 441-442; *People v. Feggans* (1967) 67 Cal.2d 444, 447-448; *Anders v. California*, *supra*, 386 U.S. at p. 744; see *People v. Johnson* (1981) 123 Cal.App.3d 106, 109-112.)

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the entire record for potential error and find no arguable error that would result in a disposition more favorable to defendant.

IV.

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON
Acting P. J.

We concur:

FIELDS
J.

RAPHAEL
J.

5